IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE HONORABLE KAREN WELDIN STEWART, CIR-ML, INSURANCE COMMISSIONER OF THE STATE OF DELAWARE, IN HER CAPACITY AS THE RECEIVER OF SECURITY PACIFIC INSURANCE COMPANY, INC. IN LIQUIDATION, SPI-202, INC. IN LIQUIDATION, SPI-203, INC. IN LIQUIDATION, and SPI-204, INC. IN LIQUIDATION, | § § § § § § § § § § § § § | No. 204, 2015<br><br>Court Below:  Court of Chancery of the State of Delaware, in and for New Castle County |
| Plaintiff Below-Appellant, | § § | C.A. No. 9306-VCP |
| v. | § § | |
| WILMINGTON TRUST SP SERVICES, INC.; JOHNSON LAMBERT & CO., LLP; JOHNSON LAMBERT, LLP; MCSOLEY MCCOY & CO.; and STEPHEN D. KANTNER, | § § § § § § | |
| Defendants Below-Appellees. | § | |

Submitted:  October 28, 2015
Decided:    November 2, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices; **SMALLS**, Chief Judge; and **WELCH**, Judge,[*] constituting the Court *en Banc*.

## **O R D E R**

This 2nd day of November 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) On this appeal, a receiver of an insolvent insurer seeks to appeal the Court of Chancery's decision to dismiss its claims for breach of contract and professional

---

[*] Chief Judge Smalls and Judge Welch sit by designation under Del. Const. art. IV, § 12.

negligence against Wilmington Trust, which the insurer retained as its captive manager in Delaware and Johnson Lambert and McSoley McCoy, which the insurer retained to prepare its audited financial statements. The receiver's complaint alleges that the sole stockholder and CEO of the insurer, James M. Jackson, engaged in pervasive fraud and that the insurer was never adequately capitalized. Wilmington Trust, Johnson Lambert, and McSoley McCoy are alleged to have knowingly been complicit in Jackson's behavior, by understanding that the insurer was not adequately accounting for its assets and for knowingly turning a blind eye to the unacceptable state of affairs for several years. For that reason, the receiver pled a count against these three defendants for aiding and abetting a breach of fiduciary duty. At the very least, the receiver alleged, Wilmington Trust, Johnson Lambert, and McSoley McCoy breached their duty of care as professional advisors to the insurer, and are responsible in tort and contract for resulting damages.

(2) The Court of Chancery dismissed the professional negligence and contract claims, holding that they were barred by the doctrine of *in pari delicto*.[1] By contrast, the Court of Chancery did not dismiss the aiding and abetting claims against Wilmington Trust and Johnson Lambert, reasoning that under Delaware law, the doctrine of *in pari delicto* should, consistent with the recognized fiduciary exception to that doctrine, not bar claims against professional advisors for aiding and abetting.[2] By so holding, the Court of

---

[1] *See Stewart v. Wilmington Trust SP Servs., Inc.*, 112 A.3d 271, 319 (Del. Ch. 2015).
[2] *See id.* at 319–23. The Court of Chancery dismissed the aiding and abetting claim as to McSoley McCoy for failure to state a claim upon which relief could be granted. *Id.* at 323. That decision was not appealed.

Chancery took into account various policy factors, such as the need to hold professional advisors accountable for serious wrongdoing while avoiding a litigation-intensive approach that would expose professional advisors to more than an optimal threat of liability in situations when their clients had engaged in unlawful behavior.[3]

(3) On appeal, the receiver's main argument is that the Court of Chancery erred in its application of the *in pari delicto* doctrine and should have: i) allowed the receiver to raise all claims the insurer possessed and disregard the doctrine because the underlying company was an insurer; and ii) allowed for an exception to the *in pari delicto* doctrine to allow a company to bring claims of professional negligence or breach of contract regardless of whether the economic damages at issue flow from unlawful behavior of the company's own managers. We do not embrace either argument. Rather, we agree with the Court of Chancery's careful analysis of this difficult area of the law.[4]

(4) The balance the Court of Chancery struck between the need for accountability of professional advisors and the costs of exposing professional advisors to potentially excessive risks is a sensible one, and reflects the one chosen by sister states, such as New York, whose laws are often involved in situations involving Delaware corporations.[5] This harmony is beneficial and if it is to be disturbed, that decision is best made by the General Assembly.

---

[3] *Id.* at 318–20.
[4] *See id.* at 308–20.
[5] *See id.* at 306–08 (explaining that New York law governed two previous *in pari delicto* cases in the Court of Chancery, *In re Am. Int'l Grp., Inc., Consol. Derivative Litig.*, 965 A.2d 763 (Del. Ch. 2009), *aff'd*, 11 A.3d 228 (Del. 2011), and *In re Am. Int'l Grp., Inc., Consol. Derivative Litig.*, 976 A.2d 872 (Del. Ch. 2009), *aff'd*, 11 A.3d 228 (Del. 2011)).

NOW, THEREFORE, IT IS ORDERED that the well-reasoned decision of the Court of Chancery of April 27, 2015 is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice